**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4025**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD MORRISON,

             Defendant - Appellant.

———————

**No. 08-4027**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD MORRISON,

             Defendant - Appellant.

———————

Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh.  David A. Faber, Senior District Judge.  (5:01-cr-00276-FA-2; 5:06-cr-00092-FA-l)

———————

Submitted:  April 29, 2009          Decided:  June 18, 2009

———————

Before MICHAEL and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

––––––––––––––

Donald Morrison, Appellant Pro Se.  Dennis M. Duffy, Anne Margaret Hayes, Assistant United States Attorneys, Joshua B. Royster, UNITED STATES DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Donald Morrison was convicted of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2006); fifteen counts of making false statements and aiding and abetting, in violation of 18 U.S.C. §§ 1001, 2 (2006); seven counts of mail fraud and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 2 (2006); using, transferring, acquiring, and possessing food stamps in an unauthorized manner and aiding and abetting, in violation of 7 U.S.C. § 2024(b) (2006) and 18 U.S.C. § 2; and conversion of food stamps, in violation of 18 U.S.C. §§ 641, 2 (2006). Morrison was conditionally released pending his sentencing hearing. Before sentencing, Morrison fled the jurisdiction, and thus failed to appear for his scheduled sentencing hearing on April 25, 2003. Morrison was not located and arrested until December 2005. He was indicted for failure to appear on April 5, 2006, and on March 27, 2007, a jury found Morrison guilty of knowingly failing to appear at his April 25, 2003 sentencing.

Morrison's fraud and failure to appear convictions were consolidated for sentencing. The district court sentenced Morrison to twenty-one months on each of the twenty-five counts of fraud, to be served concurrently and six months to be served consecutively for failing to appear. Morrison was ordered to

3

pay a $50,000 fine, $26,988 in restitution, and a $2600 special assessment. He timely appealed, and proceeds pro se.

We have reviewed the following claims raised by Morrison in his informal brief: (1) various claims of prosecutorial misconduct, including the allegation that Morrison was denied discovery in his 2002 trial that was later provided in his 2006 failure to appear trial; (2) that Morrison was precluded from introducing a necessity defense at his failure to appear trial and that the indictment for that offense was inaccurate; (3) that false allegations were made about food stamp reporting requirements and additional claims of prosecutorial misconduct; (4) that Morrison faced false mail fraud charges; and (5) that the prosecutor made improper references to a "slush fund" of food stamps and to Title 7, Chapter 51 of the U.S. Code. Upon careful review, we conclude that none of these claims are meritorious. We further note that Morrison cannot contest his civil forfeiture proceedings in this criminal appeal.

Morrison's challenges to his sentence for the most part amount to a denial of his guilt. His complaint that he was not afforded a restitution hearing is without merit. The district court, at sentencing, conducted a lengthy inquiry into the amount of loss and the appropriate amount of restitution. The court accepted documentary evidence from Morrison and a

4

proffer of what his witnesses would have said. The defense persuaded the court to reduce the amount of loss and restitution to a fraction of that proposed in the presentence report, equal to the amount admitted by Morrison. After that reduction, Morrison and his standby counsel made no further objections. We conclude that the district court's restitution award is both procedurally and substantively reasonable. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

Accordingly, we affirm Morrison's convictions and sentence. We grant Morrison's motion to file a supplemental pro se brief and have considered that brief in deciding this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED